Fame Admonition, pull the mic up there and speak right up. I will. Mr. Nichols requests that this court reverse the district court's order denying his motion for summary judgment under the FDCPA at section 1692 E5 and remand with direction to enter judgment in his favor. In the alternative, Mr. Nichols requests that this court allow his claim under the FDCPA at 1692 CC to proceed to trial before a jury. A denial of a motion for summary judgment is appealable after the entry of final judgment. If a district court denies a motion for summary judgment based upon an issue of law that would have negated the need for a trial, this court properly reviews that determination. This court properly reviews a denial of motion for summary judgment even if a case proceeded to trial. If in fact... Are you aware of the Ortiz decision from the Supreme Court in January? I am not, Your Honor. Okay, well it says pretty clearly that summary judgment is appealable after a trial and then leaves possibly an exception for matters that are entirely of law, not of fact. Do you think this case fits in the exception? Absolutely. Why? It seems to me that the summary judgment was declined because of contested facts. I do not believe, I do not think the record shows there was a contested issue of fact with respect to section 1692 E5, not the case with respect to 1692 C. But if we look to E5, we have a standard that is objective. The FDCPA, whether communications violate section 1692 E5 are to be determined from the perspective of a least sophisticated consumer and that standard is objective. It serves to protect all consumers. There were cross motions for summary judgment on this point, weren't there? There were, all of you said there's no material fact questions and we're, our side is entitled to summary judgment. You are correct. And the district court said, I think there are fact questions here and I'm gonna let it go to the jury. You are correct, Your Honor. And it went to the jury on the issue basically of threat, whether this company in trying to collect on a student loan engaged in threatening behavior and the issue went to the jury based upon... Can we start with a yes or no? Did the jury find against your client? Yes, Your Honor. After the district court said there were fact questions that he couldn't resolve? Yes, Your Honor. Yes, absolutely. The... So why do we go back and look at your summary judgment motion? Why isn't the jury verdict enough? Because there was no dispute as to what the communication was. This is not a he said, she said case. This is not a situation where the everyone admits, everyone concedes. The defendant's corporate representative says this happened. The interpretation as to what that conveys, what impression the least sophisticated consumer would take from that admission is what the court determines as a matter of law with respect to an objective standard. Subjective interpretations are not appropriate. There is no dispute as to what was said or what was not said. There is no issue of fact. It is an issue of and that is something the judge should have done and said yes or no. This is a decision for me to make. And that standard protects not only the consumer, but it protects defendant debt collectors in the situation where there may be bizarre or idiosyncratic interpretations of a communication. The law favors both the consumer and the defendant debt collector and prevents courts from allowing these cases to go to a jury because Congress found the on the threat issue properly instructed. I believe it was. I have no reason. There's nothing in the record that we have stated in our briefs before this court to state otherwise. In this case, the defendant violates section 16 92 E five where it asserts that it could take an action that it had no intention of taking or very rarely had taken before the Federal Trade Commission opined as to what 16 92 E five should and should not meet when the case was tried to the jury. Was there any fact about the totality of the circumstances that related to the threat that they didn't hear? Or did they hear what they needed to hear to make a factual determination? I understand you say it's not a factual determination, but was did they hear the company's side? We have not suggested Mr Nichols has not suggested through his brief before this court that they did not hear the full story. I was not party to the trial. I was not present during the trial, but we have not suggested that presumably have access to the record, right? Same way that we do. So we're not letting you off on the basis of ignorance. Either you know it or you don't. You don't know of anything. No, I don't know. But your client didn't have any recollection of these communications. So all the information about what was what the warnings were and everything else basically came from the other side. The majority of the information and evidence that suggested the threat and noted what happened during these phone calls was in fact provided by the defendant. When you say the majority, what was provided by your client regarding warnings of uh, of action that, you know, Mr Nichols, he does say that he does not or did not remember precisely what happened. However, he did say he sent cease and desist communications. He did say he remembered conversations, just not the very details of what was said. Um, in this case, the defendant's corporate representative testified G. C. Services threatened litigation, threatened a treasury offset, threatened wage garnishment. There is no dispute that that was what happened. The account detail listing, which is the defendant's debt collection notes their internal. I think that's what the district court felt as well. What's a warning? Um, you can advise him of things that might happen or you can. What's a threat? In other words, I guess you have to go back to the language of the statute. But, uh, you know, were they threatening action that they weren't going to take two issues, one with respect to litigation and one with respect to treasury offset. To answer your question with respect to litigation, at no point does the record suggested G. C. Services threatened legal action on anyone on anyone's behalf. But itself, G. C. Services, from the mouth of its own corporate representative, did not temper threats against the backdrop of what the Department of Education might do, but rather what G. C. Services could do. A general threat of litigation without qualification. G. C. Services threats its warnings do not impart to the least sophisticated consumer the metaphysical possibility that someone somewhere somehow might take litigation action, but rather that G. C. Services making a demand for payment and not getting every penny of that would then proceed by litigating the case. The fact that warnings were given and that certain qualifications were admitted, such as, by the way, this is a threat of litigation, but it's on behalf of the Department of Education. The fact that those omissions exist makes it all the more reasonable that the least sophisticated consumer would take that threat to mean that a failure to pay a bill would result in G. C. Services initiating legal action. And notwithstanding, if we look at the treasury offset, G. C. Services conceded neither we nor the Department of action with respect to this type of account. So that the jury concluded otherwise, yet the jury concluded otherwise, and you haven't challenged the jury's verdict. Now, there was no Rule 50 motion made because a Rule 50 motion is based upon the sufficiency of the evidence, not the correctness of the application of a legal. You can see that there was sufficient evidence to support the verdict that was rendered. We have not suggested. I have not suggested that the evidence was insufficient, simply that the question should not have gone to the jury simply because of a situation such as this, where the law is the law to be determined against the least sophisticated consumer standard. And that is what Congress required. Your honors, I see that I have a minute and a half. If you don't mind, I'd like to reserve it for a bottle. May morning, your honors. I'm Victoria or Z here on behalf of defendant, appellee GC services. And I would like to just start by responding to the questions with respect to the E five alleged violation of the Fair Debt Collection Practices Act. Judge the district court judge did find that there was an issue of fact that needed to be determined by the jury. It's true that both sides presented cross summary judgment motion, saying there is no issue of fact. The defendant's presentation on the cross motion, some cost motion for summary judgment, your honors, was that there was no evidence as to any actual discussion. There was no evidence as to what the communication was. There was not a single person in that courtroom, not the plaintiff to testify that he remembered anything about any of those discussions, nor the collector, any of the collectors that had those the only witness with respect to the communications that were alleged threats was GC services, corporate representative who testified about what was said in the notes. Well, and he says he's interpreting an entry in that journal. It was kept, you know, the activity report or whatever it was that that has a bunch of initials, you know, G V A W G T O P and L I T. Warn, et cetera, et cetera, and explaining the entry. I'm reading now from page nine of the opening brief. We're giving him the warning again. What warning? We're advising him that this process can go to wage garnishment, treasury offset, litigation. We demanded the balance in full. Um, if we have law saying that it is a question of law, whether a particular warning violates the statute. Why? Why doesn't that entirely the plaintiff? That's there. You're calling a guy up and you're saying, Look, this thing can go to wage garnishment. That treasury can take your refund. This can go to litigation. We want our money. I mean, that's what your your own representative apparently said. That's what the note said, Your Honor. And the notes were abbreviations made by various collectors throughout the history of this collection action. The collectors weren't there to say exactly what they said. G. C. S. Representative interpreted what was likely said from those notes. But at the briefing stage before the district court on the summary judgment and at trial, there was no direct evidence of what was actually said. And so the court was not satisfied. The district court was not satisfied that there was sufficient evidence in the record of those actual communications. I want to distinguish the cases that the plaintiff draws the attention to in arguing that correctly, that the communication, whether or not it violates E five and constitutes an improper, a hollow threat is a question of law for the court. But in each and every one of those cases, the communication and the evidence of the communication before the court on summary judgment was a written communication beyond dispute. In each of those cases, the plaintiff sites the communication at issue that made the notice or a written notice or a warning or a letter. Here we had a corporate representative testifying to what the notes said. We had Mr Nichols testify that he didn't remember any of these discussions. The only thing the jury has is something like an entry reading capitals G. V. W. G. T. O. P. And L. I. T. W. A. R. N. Slash D. M. D. B. I. F. Slash B. O. R. R. R. F. S. D. And what can they? Uh, it's a question of fact. What that means? Absolutely. Absolutely. It's a question of fact. What that means. And how can they speculate? They have that. But what does the jury do? They say, Well, you know, I don't think that really amounts to evidence that a warning was given about what G. C. Services says those initials stand for. It does say warn, but, uh, we don't. We don't think that really was a wine. Whatever was said that this is a memory. This is a memorial to, uh, was something else. They just called him up and said, Well, we're not threatening any of this because we won't do it. But, you know, in cases like this, it can. It can go to, uh, garnishment and it can go to a seizing your refund, and it can go to litigation. How does the jury speculate that way? Well, what the jury had and the jury can't speculate. Obviously, the jury can't find a threat where there's not sufficient evidence of a threat, and that's precisely what happened. The judge, the trial court judge, sent the case to the jury because he wasn't convinced what the substance of the communication was and that the substance of the communication was undisputed. When it went to the jury, the jury had those notes and the plaintiff had a full opportunity to cross examine G. C. Services corporate representative about those notes and ask those questions. G. C. S. Representative testified what his interpretation of the notes was and what he believed the notes said. But there was no direct evidence, no direct evidence of those communications because the plaintiff didn't offer it, and they didn't call any other persons who were personally involved in any of those communications. That's why the jury didn't find that there was any evidence of threat sufficient or hollow threat sufficient. They heard the defendant's explanation for what those notes were, and they heard the plaintiff's testimony as to what he experienced when he had those calls. And basically, he had no recollection whatsoever. What is the actual language of E five? The E five states that the collector may not threaten any action that may not be legally taken or that is not intended to be taken throughout the briefing of the threatened as the word threatened as the word. And you'll notice in in reading the plaintiff's briefs and in looking at the plaintiff's briefing on summary judgment that in all of the communications that are described in the record, the plaintiff calls them threats as a matter of a legal conclusion that they threatened to do this and they threatened to do that. There was no evidence of what those actual communications were in the record, and the only reason they were considered to be threats was they were considered by the plaintiff in the plaintiff's own counsel's argument and 16 C. Or do you have further questions about E five? I'm going to move on because I didn't hear your opponent and address the first claim. Did you? Um, he did mention it, Your Honor. And he did brief and asked the court to reverse and remand the district court's decision that there was no evidence that the district court Janet granted summary judgment in favor of the defendant with respect to the communication that the plaintiff said he sent, which was a cease and desist notice. Essentially, that was a correct ruling to because there was no evidence before the district court that G. C. Service has had received the communication that the plaintiff said he sent. Um, he said that he sent it certified return receipt requested. He said that he never got he did that so that he could prove that it was effective on receipt by the collector of the notice. And Mr Nichols sent the notice certified, he said, so that he would have proof of receipt. He did not have proof of receipt because he never got the green card back. Which which of the two letters the mayor June letter was according to Mr Nichols was sent certified? Well, that's that's a good question. It was the June 13th letter that had Mr Nichols personal handwritten notation on it that said sent return received requested. And that letter was not attached to the plaintiff's summary judgment motion or to the briefing there, but um, was and only surface right before the plaintiff's deposition. But when we asked the plaintiff about that, he said he sent it that way so that he could get proof of receipt. He didn't get proof of receipt and the defendant's records show that it was not in fact received. So the district court correctly granted summary judgment on the defendant for that issue and correctly sent the other issue to the jury to determine the facts. Judge, there's no complaint that the jury was misinstructed. There's no complaint that the jury didn't get to hear any sufficient, any proper evidence or that the judge didn't allow evidence in on the E five claim. The jury heard everything and it made a decision and it determined the facts. And if the facts have been undisputed earlier, it was the district court's job to apply the law correctly. There's no claim that the law was applied incorrectly because the facts were in dispute at that point. Thank you. Thank you. Rebuttal to answer your honor's question about whether or not a threat occurred. G. C. Services interpretation is that we should take a hyper literal approach and that we should ignore the ordinary connotations of law as they are used. If we are to do that today, we are justifying a debt collector's threat to litigation, whether deceptive, misleading or otherwise in any case in which a debt collector is clever enough to couch a quote warning unquote or has a plaintiff who can't remember the threat. I mean, isn't that really the threat? We do not. And my clients. So isn't that isn't that sufficient answer? The jury concludes that the district judge concludes summary judgment shouldn't be granted for your client because there's no evidence of a threat. How does that open the door to a few further abuse by defendants? I believe there is evidence of a threat in a district court noted evidence of a threat at page four of its decision. The district court stated while there's little to suggest that the defendant implied it could take these actions, there is strong evidence that the defendant had reason to know a treasury officer was not intended. And they also reference statements regarding what was said. However, the case, he lets the case go to the jury rather than grant summary judgment against you. And the jury does not reach a verdict in your client's favor. That is correct. And you don't challenge that verdict with respect to a rule of 50 motion. No, we're not challenging the verdict. We're challenging the defendants or the decision as a matter of law. That is correct. Thank you. Thank you. We thank both counsel for the argument. The case just argued is submitted concludes the arguments. We'll be coming back in a couple of minutes for a Q and a session with students. Lawyers are free to stay. You're not required to. And we do not talk about the cases. So you won't. You won't hear anything about your case if you stick around, but that's up to you. Eso with that, the court session is adjourned. Mhm.
judges: Canby, Hawkins, Clifton